# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONALD SCHROEDER,<br><br>       Plaintiff,<br>v.<br><br>KIMBERLY MALONE, JASON POPP, SALLY TESS, and BRIAN HAYES,<br><br>       Defendants. | Case No. 17-CV-1676-JPS<br><br><br>**ORDER** |

  Plaintiff Ronald Schroeder ("Schroeder"), a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that his constitutional rights are being violated. (Docket #1) He has also filed a motion for the appointment of counsel and a motion for leave to proceed *in forma pauperis*. (Docket #3, #5). This case was initially assigned to Magistrate Judge William E. Duffin. However, because not all parties have had the opportunity to consent to the jurisdiction of the magistrate, the case was randomly reassigned to this Court for screening the complaint and a decision on the pending motions.

  The Prison Litigation Reform Act ("PLRA") gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee ("IPFF"). On December 28, 2017, Magistrate Duffin ordered Schroeder to pay an IPFF of $208.83. Schroeder paid that fee on January 3, 2018. Accordingly, the Court will grant his motion to proceed *in forma pauperis*.

Schroeder must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Schroeder is currently incarcerated at the Waukesha County Jail facing revocation of his extended supervision. He is suing Kimberly Malone ("Malone"), his probation and parole agent; Jason Popp ("Popp"), a probation and parole supervisor; Sally Tess ("Tess"), a regional chief, and Brian Hayes ("Hayes"), the Administrator at the Department of Administration, Division of Hearings and Appeals.

Schroeder explains that, on October 3, 2016, the Wisconsin Department of Corrections ("DOC") implemented the Evidence-Based Response to Violations ("EBRV") guide, which seeks to ensure consistent and appropriate responses to violations by those on extended supervision. On September 19, 2017, Malone served him with revocation papers, which

included an EBRV violation summary. Schroeder asserts that the summary correctly characterized him as low risk to reoffend, but incorrectly characterized his primary violation as high. He asserts that, pursuant to the EBRV guide's matrix (which is available on the DOC's website), the characterization of his primary violation should have been low. Schroeder states that he immediately notified Malone of this inaccuracy, but she allegedly replied, "That's what the computer came up with." (Docket #1 at 3).

He alleges that he noticed similar inaccuracies in other people's summaries. Schroeder alerted Popp and Tess about the inaccuracies, but they sent separate letters denying inaccuracies existed. On October 3, 2017, he emailed Malone, Popp, and Tess to apprise them of the inaccuracies; he included a copy of the guide's matrix and his summary. Tess responded the next day, "Thank you for bringing this to our attention. We will look into it." *Id.* at 4. Schroeder states that he has received no further response.

He forwarded the emails to state representative Evan Goyke and his aide, Ryan Knocke. According to Schroeder, they agreed there were inaccuracies and forwarded the information to their DOC liaison and requested an explanation and a correction. Again, Schroeder reports that he has received no further response.

Schroeder further alleges that his attorney confirmed that the summary is inaccurate, but he told Schroeder that the parole and probation staff refuse to address it. Schroeder stated that, as a result of not being able to help him, his attorney withdrew from his revocation case.

Schroeder asks the Court to enjoin Defendants from convening his final revocation hearing. He argues that Defendants are relying on

information that is inconsistent with the guide in order to recommend revocation of his extended supervision. Schroeder explains that he knows of another person who was prevented from arguing at his revocation hearing that the summary information relied on by the parole and probation agent was inaccurate. As such, he fears that he, too, will be prevented from raising this issue at the hearing.

The Court of Appeals for the Seventh Circuit has explained that a plaintiff may state a due process claim if he alleges that the process he was due (here, a final revocation hearing) was rendered unfair by a defendant's deliberate wrongdoing (here, the intentional inputting of false information into the matrix and/or the refusal to correct inaccuracies after being informed of them). *See Armstrong v. Daily*, 786 F.3d 529, 545 (7th Cir. 2015). The Court, however, cannot allow Schroeder to proceed with such a claim because it is not ripe for adjudication. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and internal quotations omitted). Here, Schroeder alleges that his revocation hearing will be rendered unfair because state officials will rely on an inaccurate assessment to recommend revocation. He further alleges that he will be prohibited from challenging the inaccuracy of the assessment.

Schroeder's allegations assume that Malone will not address the alleged inaccuracies prior to the hearing and, if she does not, that the administrative law judge will refuse to allow Schroeder to raise the issue at the hearing. Neither of these may occur. It is possible that, prior to the hearing, the state representative's request for correction may be heeded. After all, Tess notified Plaintiff that she would "look into it." Simply

because Schroeder has not received notification of a correction does not mean that no correction has been made. Further, even assuming Malone does not correct the information, it is pure speculation to assert that the administrative law judge will not allow Schroeder to raise that issue at the revocation hearing.

In short, the Court finds that Plaintiff's claim is too speculative at present and therefore not ripe for adjudication. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (injury for which redress is sought must be actual or imminent, not conjectural or hypothetical); *see also Turnage v. U.S. Parole Comm'n*, 157 F. App'x 507, 509 (3d Cir. 2005) (dismissing habeas petition challenging errors in parole revocation report where revocation hearing had not been held and the errors had not materialized into an unlawful revocation or sentence); *Collura v. Ford*, CIVIL ACTION No. 13–4066, 2016 WL 409228, at *14–16 (E.D. Pa. Feb. 3, 2016) (probationer facing revocation has no due process claim until his probation has been revoked). Because the presence of counsel would not have impacted the Court's analysis, the Court will deny his motion to appoint counsel as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #3) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $141.17 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge