# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**RONALD SCHROEDER,**
          **Plaintiff,**

      **v.**                            **Case No. 17-CV-1676**

**KIMBERLY MALONE and JASON POPP,**
          **Defendants.**

_____

## <u>ORDER</u>

On March 28, 2018, before this case was assigned to me, U.S. Magistrate Judge William E. Duffin screened plaintiff's amended complaint. Plaintiff moves for reconsideration of Magistrate Judge Duffin's screening order.

First, plaintiff argues that Magistrate Judge Duffin erred in dismissing his Fourth Amendment claim based on a search of his home while plaintiff was in jail but before his supervised release was revoked. Magistrate Judge Duffin found that plaintiff had agreed to the Wisconsin Department of Corrections' standard rules of supervision requiring him to make his residence available for searches, which was sufficient to render the search reasonable. Plaintiff argues that he never agreed to the DOC's rules and provides an unsigned copy of the rules to show that. But the rules clearly state that they apply whether an offender agrees to them or not and that an offender's signature merely indicates that he received a copy. Therefore, I see no remediable error in Magistrate Judge Duffin's order with respect to this claim.

Second, plaintiff argues that Magistrate Judge Duffin erred by not ruling on his asserted claim that a DVD of an animated film, a laptop/tablet, and $500 cash were seized in violation of the Fourth Amendment during the above-discussed search. Yet,

the DOC's rules required that plaintiff make certain property available for searches, including his computer, his cell phone, and any other electronic devices under his control. Moreover, the search concerned plaintiff's compliance with these rules, which substantially restricted his internet access and his ability to communicate or otherwise have contact with anyone under the age of 18, among other things. Those rules also explicitly state that plaintiff could not possess material marketed to children, such as an animated film on DVD. Given plaintiff's waiver of Fourth Amendment rights and the rules of supervision in place, plaintiff fails to allege that the items at issue were not properly seized as "fruits or instrumentalities of the crime or evidence reasonably connected to the alleged behavior being investigated." *United States v. Jones*, 518 F.2d 384, 389 (7th Cir. 1975). Thus, Magistrate Judge Duffin's failure to explicitly state whether plaintiff's asserted Fourth Amendment seizure claim was cognizable was harmless.

Third, plaintiff argues that Magistrate Judge Duffin erred by dismissing his claims that defendants conspired to have his supervision revoked by saying that plaintiff had lied about his child support payments. As Magistrate Judge Duffin noted, however, "lying to an agent" was one of several "secondary violations" provided as justification for revoking plaintiff's supervision, and he does not dispute his "primary violation" for failure to comply with the terms of the Sex Offender Registration Program. In other words, plaintiff was not put in jail for allegedly lying about child support payments but for other, more significant, violations of the rules of supervision, so his conspiracy claim fails for lack of cognizable harm. Accordingly, I see no remediable error in Magistrate Judge Duffin's order with respect to these conspiracy claims.

Finally, plaintiff asks that I screen his asserted claim against defendant Malone based on Malone's alleged false testimony at plaintiff's preliminary revocation hearing. In general, witnesses enjoy absolute immunity from civil liability under § 1983 for false testimony, in part because "other sanctions—chiefly prosecution for perjury—provide[] a sufficient deterrent." *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012); *see also* Wis. Stat. § 946.31 (classifying perjury as a Class H felony). Therefore, Magistrate Judge Duffin's failure to explicitly state whether plaintiff's asserted Fourteenth Amendment false-testimony claim was cognizable was harmless.

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion for reconsideration (Docket No. 22) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 1st day of May, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge